982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Stuart ST. MARTIN, Defendant-Appellant.
 No. 92-8001.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Michael Stuart St. Martin (St. Martin) appeals his sentence entered upon his jury convictions of making a false statement in connection with the acquisition of a firearm and being a felon in possession of a firearm.
 
 
 3
 On July 12, 1991, St. Martin was charged with making a false statement in connection with acquiring a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1), Count I; possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e), Count II; and interstate transportation of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), Count III. Count III was dismissed prior to trial.
 
 
 4
 On July 24, 1991, the government filed notice of intent to seek an enhanced penalty under 18 U.S.C. § 924(e) should St. Martin be convicted of Count II. Under § 924(e), a sentence imposed under 18 U.S.C. § 922(g) for possession of a firearm by a convicted felon is subject to enhancement if the defendant has had three prior convictions "for a violent felony or a serious drug offense, or both." § 924(e)(2)(B) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that ... (ii) is burglary, arson ... or otherwise involves conduct that presents a serious potential risk of physical injury to another."
 
 
 5
 Within its notice, the government listed five of St. Martin's prior convictions, all of which occurred in Oregon: June 29, 1977, burglary in the second degree; March 27, 1979, burglary in the first degree; April 17, 1979, burglary in the first degree; August 31, 1982, arson in the second degree; and December 2, 1982, possession of a weapon by an inmate in a penal institution. All of the convictions were for "crime[s] punishable by imprisonment for a term exceeding one year."
 
 
 6
 Prior to trial, St. Martin filed a motion in limine to require the government to designate his 1977 conviction for burglary in the second degree as the prior felony conviction to be used throughout the trial. The government responded that it would designate St. Martin's conviction for possession of a weapon by an inmate of a penal institution; it would redact from its proof any reference to St. Martin's other convictions; and it would refrain from presenting the underlying facts of his conviction for possession of a weapon by an inmate of a penal institution which had involved an attempted murder charge for the stabbing of another inmate.
 
 
 7
 St. Martin's motion was denied, and at trial the government proved that St. Martin had a prior conviction for possession of a weapon by an inmate. The jury convicted St. Martin on Counts I and II. The court sentenced St. Martin to 293 months, reflecting an enhancement under § 924(e).
 
 
 8
 On appeal, St. Martin contends that: (1) the district court abused its discretion by allowing the government to prove that his prior conviction was committed while he was in prison for a different offense; (2) his sentence was improperly enhanced under § 924(e) with his Oregon burglary convictions; (3) his sentence was improperly enhanced under § 924(e) with his Oregon arson conviction; and (4) the enhancement of his sentence was erroneous because the government did not prove that two of the offenses occurred on occasions different from one another.
 
 I.
 
 9
 St. Martin contends that the district court abused its discretion when it allowed the government to prove in conjunction with Count II, possession of a firearm by a convicted felon, that his prior conviction was committed while he was in prison for a different offense.
 
 
 10
 St. Martin, while acknowledging that the district court's ruling "that the government could use any prior conviction it wished in proving that [he] was a convicted felon .... is true, as a general rule," (Defendant/Appellant's Opening Brief, p. 6), nevertheless argues that the court abused its discretion by allowing the government to prove that he had been convicted of possession of a weapon while an inmate in a penal institution. St. Martin contends that the admission of this evidence was unduly prejudicial because it allowed the government to prove two convictions rather than one and because it was so similar to the substantive conviction before the jury. We disagree.
 
 
 11
 We may not reverse the evidentiary rulings of a trial court absent an abuse of discretion. United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988). Nothing in § 922(g) indicates that a defendant with multiple prior convictions may dictate which felony the government must use to establish his or her prior conviction. Moreover, St. Martin's plea of guilty to possession of a weapon while an inmate in a penal institution was an admission of all the facts relevant thereto, and that judgment is not subject to collateral attack. United States v. Burns, 934 F.2d 1157, 1159 (10th Cir.1991), cert. denied, --- U.S. ---- (1992).
 
 
 12
 Under these circumstances, we hold that the district court did not abuse its discretion in ruling that St. Martin could not dictate which felony the government should use in establishing a prior conviction for purposes of § 922(g).
 
 II.
 
 13
 St. Martin contends that his sentence was improperly enhanced under § 924(e) by his Oregon burglary convictions. We review a sentence enhancement under § 924(e) de novo. United States v. Maines, 920 F.2d 1525, 1527 n. 4 (10th Cir.1990), cert. denied, --- U.S. ---- (1991).
 
 
 14
 St. Martin argues, citing United States v. Permenter, 969 F.2d 911 (10th Cir.1992), that a conviction predicated on a burglary which does not meet the definition of a violent felony under § 924(e)(2)(B), cannot be used for enhancement. He further argues that since the Oregon statutes define first and second degree burglary more broadly than the generic definition set forth in Taylor v. United States, 110 S.Ct. 2143 (1990), and since there was no evidence beyond the fact of convictions to establish that the actual crimes met the generic definition of burglary, his sentence was improperly enhanced and a remand is necessary "in order for the government to provide and the district court to review the relevant document, and apply the Taylor analysis." (Defendant/Appellant's Opening Brief at 13.) We agree.
 
 In Taylor, the Court held:
 
 15
 We conclude that a person has been convicted of a burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.
 
 
 16
 There remains the problem of applying this conclusion to cases in which the state statute under which a defendant is convicted varies from the generic definition of "burglary." ... If the statute is narrower than the generic view ... there is no problem....
 
 
 17
 A few States' burglary statutes, however ... define burglary more broadly .... We therefore must address the question whether, in the case of a defendant who has been convicted under a nongeneric burglary statute, the Government may seek enhancement on the grounds that he actually committed a generic burglary.
 
 
 18
 * * *
 
 
 19
 ... For example, in a state whose burglary statutes include entry of an automobile [such as Oregon's which includes "vehicles"] as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be able to use the conviction for enhancement. (Emphasis added.)
 
 
 20
 110 S.Ct. at 2158-60.
 
 
 21
 Under Taylor, a defendant's burglary conviction pursuant to a nongeneric burglary statute may be used for purposes of enhancement only if it is clear that the defendant "actually committed a generic burglary." 110 S.Ct. at 2159. Moreover, "[i]n the absence of clarity, Taylor bars sentencing courts from engaging in detailed fact finding concerning the specific felony, and prevents convictions under a non-conforming statute from being employed for enhancement purposes." United States v. Barney, 955 F.2d 635, 641 (10th Cir.1992).
 
 
 22
 Oregon's burglary statutes, which define a building to include "any booth, vehicle, boat, [or] aircraft" are much broader than the generic burglary defined in Taylor as one "having the basic elements of unlawful entry or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 110 S.Ct. at 2158. As such, the enhancement of St. Martin's sentence based upon his Oregon burglary convictions was improper unless a review of "the indictment or information and the jury instructions show[s] that St. Martin was charged only with a burglary of a building and that the jury necessarily had to find an entry of a building to convict." Id. at 2160. See also United States v. Strahl, 958 F.2d 980, 983 (10th Cir.1992).
 
 
 23
 Applying these standards to the facts herein, we hold that the case must be remanded to the district court. For sentence enhancement purposes under § 924(e), it shall be the obligation of the government to provide certified copies of "the indictment or information and jury instructions" along with the text of any guilty pleas[1] underlying St. Martin's felony convictions for the district court's review and application of the Taylor analysis.
 
 III.
 
 24
 St. Martin contends that his sentence was improperly enhanced under § 924(e) by his Oregon arson conviction. Our record on appeal fails to reflect to what degree, if any, the district court did or did not consider St. Martin's second degree arson conviction to enhance his sentence. The district court may, in its discretion, determine whether it is necessary to address this issue upon remand.
 
 IV.
 
 25
 St. Martin contends that his sentence was erroneously enhanced because the government did not prove that his two first-degree burglary convictions, both of which were predicated on burglaries which occurred on January 16, 1979, were "committed on occasions different from one another" as required under § 924(e)(1). St. Martin asks that we order a remand to the district court for further consideration of this issue based upon examination of the indictments.
 
 
 26
 We agree with St. Martin that the government did not prove that the two convictions were committed on different occasions as required under § 924(e)(1). See United States v. Green, 967 F.2d 459, 460-61 (10th Cir.1992), cert. denied, --- U.S. ---- (1992).
 
 
 27
 Remanded for further proceedings in accordance herewith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In United State v. Barney, 955 F.2d at 639 we joined the other circuits which had considered the question and held that where enhancement is sought on the basis of a conviction obtained through a guilty plea, the sentencing court may look at the underlying indictment or information and the text of the guilty plea to determine if the defendant was charged with and admitted conduct which falls without question within the ambit of Taylor's generic definition