25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy D. COUCH, Defendant-Appellant.
 No. 93-6383.
 United States Court of Appeals,
Tenth Circuit.
 June 7, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,[2].
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Jimmy D. Couch appeals the district court's decision to sentence him pursuant to the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(1). Mr. Couch pleaded guilty to possession of a firearm by a felon, 18 U.S.C. 922(g)(1), and the district court enhanced his sentence pursuant to the ACCA, 18 U.S.C. 924(e)(1). Mr. Couch appeals arguing that the government impermissibly relied on a prior felony conviction for second degree burglary to enhance his sentence because the conviction was not a "violent felony" within the meaning of 924(e). We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 4
 "A sentence enhancement under section 924 is a legal determination subject to de novo review." United States v. Lujan, 9 F.3d 890, 891 (10th Cir.1993). "We review the entire record and supporting documentation to determine the legitimacy of the sentence[ ] imposed below." United States v. Barney, 955 F.2d 635, 638 (10th Cir.1992).
 
 
 5
 A person convicted under 922(g) may be subject to an enhanced sentence if he has three prior violent felony convictions. 18 U.S.C. 924(e)(1). To determine whether a prior conviction qualifies as a "violent felony" the court must employ a "formal categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990). The sentencing court must look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id.
 
 
 6
 The ACCA specifically states that "burglary" is included as a "violent felony." 18 U.S.C. 924(e)(2)(B)(ii). In Taylor, the Supreme Court stated that burglary, as defined in the ACCA, requires a showing of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. The Oklahoma burglary statute, however, is broader than the generic definition of burglary provided in Taylor. Okla. Stat. tit 21, 1435 (1961). We therefore cannot conclusively say Mr. Couch was found guilty of burglary as defined in the ACCA. See Lujan, 9 F.3d at 892.
 
 
 7
 If the statutory definition of burglary is more expansive than the generic definition of burglary under the ACCA, the conviction can nevertheless be used for a 924(e) enhancement if "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Taylor, 495 U.S. at 602. Jury instructions are not required if the court can determine from the indictment and judgment that all the necessary elements of generic burglary were met. Lujan, 9 F.3d at 892; Barney, 955 F.2d at 640 (if "defendant pled guilty to charges supported by informations which satisfy Taylor's definition, those convictions ... count toward enhancement"); United States v. Payton, 918 F.2d 54, 56 (8th Cir.1990) (defendant's guilty plea coupled with charging paper supported a finding of elements required for generic burglary). "A plea of guilty is the equivalent of admitting all material facts alleged in the charge." United States v. Kelsey, 15 F.3d 152, 153 (10th Cir.1994).
 
 
 8
 Mr. Couch pleaded guilty to a charge of second degree burglary. Mr. Couch contends that Taylor requires an examination of the indictment and the jury instructions in order to establish that the second degree burglary conviction included all the elements of a generic burglary. We disagree. The information stated that Mr. Couch "unlawfully, wilfully, burglariously and feloniously, [broke] and enter[ed] into a certain building ... by breaking open a window and the door of said building and entering without the consent of said owner, with the wilful, felonious and burglarious intent to steal said property." Mr. Couch's burglary information included all the elements of a generic burglary as defined in Taylor. His plea of guilty to a charge supported by an information which satisfied the Taylor definition established that his conviction could properly count toward enhancement.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation