**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Billy W. HILL, Defendant–Appellant.**

No. 93–5130.

United States Court of Appeals,
Tenth Circuit.

April 26, 1995.

Susan L. Foreman, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the brief), Denver, CO, for defendant-appellant.

Stephen C. Lewis, U.S. Atty. (Allen J. Litchfield, Asst. U.S. Atty., with him on the brief), Tulsa, OK, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, and HENRY, Circuit Judges.

ON REHEARING EN BANC

BALDOCK, Circuit Judge.

Defendant Billy W. Hill appeals his sentence imposed by the district court pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). A panel of this court reversed Defendant's sentence holding that the government had failed to prove that one of his prior convictions constituted a violent felony for purposes of enhancement under the ACCA. *See United States v. Hill,* 36 F.3d 978 (10th Cir.1994). We *sua sponte* ordered *en banc* consideration of this case in order to resolve an apparent conflict between our decision in *Hill* and prior circuit precedent. Today, we vacate that portion of *Hill* that addressed Defendant's sentencing claim and replace it with the following opinion. In all other respects, we affirm the panel's decision in *Hill.*

I.

The facts underlying this action are set forth in our panel opinion in *Hill,* 36 F.3d at 979; however, we restate the relevant facts and rulings to frame our analysis. On February 3, 1993, Defendant was charged in a one-count indictment with a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Subsequently, the government filed a notice that it was seeking to have Defendant sentenced as an armed career criminal pursuant to the ACCA. The notice cited three prior convictions as a basis for the enhancement: (1) a June 4, 1980 Kansas conviction for aggravated robbery; (2) a February 2, 1973 Kansas conviction for aggravated robbery; and (3) an October 19, 1966 Oklahoma conviction for second degree burglary.

On June 4, 1993, at the sentencing hearing, Defendant objected to the use of the 1966 Oklahoma conviction as a basis for the enhancement. The district court overruled Defendant's objection. Relying upon the charging information and the "judgment and sentence on plea of guilty" from the 1966 burglary conviction, the district court determined that the 1966 Oklahoma burglary conviction was a violent felony under the ACCA. Consequently, the court sentenced Defendant to 235 months imprisonment as an armed career criminal. Defendant appealed.

On September 27, 1994, a panel of this court reversed Defendant's sentence under

the ACCA. Specifically, the panel concluded that the government had failed to prove Defendant's 1966 Oklahoma conviction for second degree burglary constituted a violent felony. *Hill,* 36 F.3d at 981. Relying upon our decision in *United States v. Barney,* 955 F.2d 635, 638 (10th Cir.1992), the panel concluded that the government's failure to introduce the text of Defendant's guilty plea to the 1966 conviction prevented the district court from "knowing precisely what acts Defendant admitted to committing." *Hill,* 36 F.3d at 981. The panel further concluded that the judgment of conviction introduced by the government failed to compensate for the lack of the guilty plea text because the judgment merely stated that Defendant pleaded guilty to "second degree burglary." *Id.* Consequently, the panel concluded the district court improperly sentenced Defendant as an armed career criminal.

On November 18, 1994, the government filed a petition for rehearing, arguing that *Hill* conflicted with our decision in *United States v. Couch,* No. 93–6383, 1994 WL 242205 (10th Cir. June 7, 1994) (unpublished), in which we upheld an enhancement under facts almost identical to those in *Hill.* On December 7, 1994, we *sua sponte* ordered *en banc* consideration of the case in order to resolve the apparent conflict between *Hill* and *Couch.* With this predicate in mind, we turn to the issue presented for *en banc* consideration.

## II.

█ We review a sentence enhancement under the ACCA de novo. *United States v. Maines,* 920 F.2d 1525, 1527 n. 4 (10th Cir. 1990), *cert. denied,* 502 U.S. 894, 112 S.Ct. 263, 116 L.Ed.2d 216 (1991). The government must prove a sentence enhancement by a preponderance of the evidence, *United States v. Kirk,* 894 F.2d 1162, 1164 (10th Cir.1990), and " '[w]e review the entire record and supporting documentation to determine the legitimacy of the sentence[ ] imposed below.' " *United States v. Lujan,* 9 F.3d 890, 891 (10th Cir.1993) (quoting *Barney,* 955 F.2d at 638).

The ACCA provides a fifteen-year mandatory minimum sentence for anyone who is convicted as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses. *Id.* § 924(e)(1). Burglary is a violent felony under the ACCA. *See id.* § 924(e)(2)(B)(iii). Because of the wide variances in state law burglary statutes, the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), created a generic definition of burglary for purposes of enhancement under the ACCA. In *Taylor,* the Court defined burglary as an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599, 110 S.Ct. at 2158. If a state statute on its face defines burglary more broadly than *Taylor,* "then a conviction obtained under such a statute may not, except in narrowly defined circumstances, be counted toward enhancement." *Barney,* 955 F.2d at 638.

█ The Oklahoma law under which Defendant was convicted defines second degree burglary as follows:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

Okla.Stat.Ann. tit. 21, § 1435. Because this definition of burglary is broader than that supplied by the Supreme Court in *Taylor,* Defendant's conviction under the Oklahoma statute cannot as a categorical matter provide a basis for enhancement under the ACCA. *See, e.g., Barney,* 955 F.2d at 638 (burglary statute which included automobiles and vending machines overbroad for purposes of *Taylor* and cannot provide a categorical basis for enhancement under the ACCA).

Nevertheless, in instances where a defendant has been convicted under a state statute which defines burglary broader than *Taylor,* the conviction may be used for enhancement purposes if "the charging paper and jury

instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Taylor,* 495 U.S. at 602, 110 S.Ct. at 2160. Where no jury instructions exist because the defendant pleaded guilty, we ruled in *Barney* that the sentencing court may review "the underlying indictment or information *and* the text of the guilty plea to determine whether the defendant was charged with and admitted conduct which falls without question within the ambit of *Taylor*'s generic definition." *Barney,* 955 F.2d at 639 (emphasis added).

■ Although *Barney* appears to mandate that the government produce the text of a guilty plea in every case, our subsequent cases have not consistently required the government to do so. *Compare United States v. Strahl,* 958 F.2d 980, 984 (10th Cir.1992) (emphasizing the review of a charging document without reference to a guilty plea text to determine if a previous guilty plea to second degree burglary constituted a predicate offense for ACCA purposes) *with United States v. St. Martin,* No. 92–8001, 1992 WL 367903 (10th Cir. Dec. 4, 1992) (unpublished) (requiring the government to introduce the text of a guilty plea on remand in order to support an enhancement under the ACCA). Today, we make explicit that the government is not required to produce the text of a guilty plea to support an enhancement under the ACCA if the charging document coupled with another document sufficiently enables the sentencing court to determine whether the defendant's prior conviction constitutes a violent felony. *See United States v. O'Neal,* 937 F.2d 1369, 1373 (9th Cir.1990) (overlooking absence of guilty plea text where the government introduced the charging paper and judgment of conviction); *see also Lujan,* 9 F.3d at 892 (overlooking government's failure to produce jury instructions under *Taylor* where the charging document and verdict "necessarily show that the jury found the requisite elements of burglary"). This holding is consistent with the Supreme Court's principal concern in *Taylor* that the sentencing court have sufficient information before it to ensure that the defendant's conviction encompasses all the requisite facts to render the offense a "violent felony." *See Taylor,* 495 U.S. at 602, 110

S.Ct. at 2160; *see also United States v. Parker,* 5 F.3d 1322, 1327 (9th Cir.1993) ("[T]he Court's main concern in *Taylor* was ensuring that the jury actually found all the requisite facts to render the offense a 'violent felony.' "). Thus, the issue we must resolve in the instant case is whether the government produced sufficient evidence for the district court to conclude that Defendant's 1966 burglary conviction fell within the ambit of *Taylor*'s definition and thus constituted a violent felony for ACCA enhancement purposes.

■ To support Defendant's enhancement, the government introduced the charging information and the "judgment and sentence upon plea of guilty" to Defendant's 1966 burglary conviction. No written plea agreement or transcript of the plea hearing was offered. The charging information alleged that Defendant:

> unlawfully, wrongfully, wilfully, feloniously and burglariously in the night time, [broke] and enter[ed] into a certain building ... owned by and in possession of STANDARD MOTOR SUPPLY in which building personal property of value was kept and contained, by breaking open the outer skylight of the said building, and entering the said building without the consent of said owner, with the wilful and felonious intent to steal said property.

Aplee.App. Tab B. The resulting judgment indicated that "having been duly informed of the nature of the charge", Defendant pleaded guilty to "second degree burglary." The government argues that the information alleged all the elements of a generic burglary as defined in *Taylor* and that Defendant's plea of guilty constituted an admission of the facts alleged in the information. Consequently, the government contends that Defendant's 1966 burglary conviction properly counts toward enhancement.

Defendant contends, however, that his guilty plea constituted an admission that he committed second degree burglary under Oklahoma law, not that he committed the specific acts described in the information. Thus, Defendant maintains that he did not admit he entered a building as alleged in the

information by pleading guilty to second degree burglary. We disagree.

Defendant's argument fails because he admitted all the well-pleaded facts in the indictment by pleading guilty. The Supreme Court in *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) described the nature of a guilty plea as an act which "comprehend[s] all of the *factual* and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Id.* at 569, 109 S.Ct. at 762 (emphasis added). The Court further stated:

> A guilty plea "is more than a confession which admits that the accused did various acts." It is an "admission that he committed the crime charged against him." *By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.*

*Id.* at 570, 109 S.Ct. at 762 (emphasis added) (citations omitted); *see also United States v. Kaplansky,* 42 F.3d 320, 325 (6th Cir.1994) (en banc) ("[B]y pleading guilty to the state law offense, Kaplansky has admitted to all the well-pleaded facts in the indictment."); *United States v. Kelsey,* 15 F.3d 152, 153 (10th Cir.1994) ("A plea of guilty is the equivalent of admitting all material facts alleged in the charge."); *United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987) (plea of guilty "conclusively proves the factual allegations contained in the indictment").

In the instant case, Defendant's burglary information included all of the elements of a *Taylor* burglary because it alleged that Defendant unlawfully entered into a building with the intent to commit a crime. *See Taylor,* 495 U.S. at 599, 110 S.Ct. at 2158. Moreover, the corresponding judgment indicates that Defendant pleaded guilty to second degree burglary "having been duly informed of the nature of the charge." By pleading guilty, Defendant admitted that "[he] did the discrete acts described in the indictment." *Broce,* 488 U.S. at 570, 109 S.Ct. at 762; *see also Kaplansky,* 42 F.3d at 320 (by pleading guilty, a defendant admits "to all the well-pleaded facts in the indictment"). Because the record indicates Defendant pleaded guilty to a charge supported by an information which satisfied the *Taylor* definition, we hold the government established by a preponderance of the evidence that Defendant's 1966 burglary conviction was a violent felony for enhancement under the ACCA. Therefore, we AFFIRM the sentence imposed by the district court.

AFFIRMED.