**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH RAY WILLIAMSON,

Defendant - Appellant.

No. 96-7111

(E.D. Oklahoma)

(D.C. No. 92-CR-32-S)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Keith Ray Williamson appeals from the sentence he received after pleading guilty to one count of arson within Indian country in violation of 18 U.S.C. sections 81, 1151 and 1152. The district court found that Williamson's arson involved the destruction of a dwelling and, pursuant to USSG section 2K1.4(a)(1), determined a base offense level of 24. Williamson contends that the mobile home he destroyed was not a "dwelling" within the meaning of the guidelines, and that he should have received a lesser base offense level and sentence. We affirm.

## I.

On April 22, 1996, Williamson set fire to a mobile home he had been living in with his wife, Georgetta Renea Williamson, and his daughter. The mobile home was owned by Georgetta Williamson's grandfather, Joe Pulliam, and was located on Pulliam's property in Seminole County, Oklahoma. The fire completely destroyed the mobile home. Subsequently, Williamson was named in three counts of a five count indictment filed in the Eastern District of Oklahoma. Attach. to Appellant's Br. (Indictment filed June 11, 1995). Count four of the indictment charged Williamson as follows:

> On or about the 22nd day of April, 1996, in the Eastern District of Oklahoma, the defendant, Keith Ray Williamson, a non-Indian, at a place within Indian Country as defined by 18 U.S.C. § § 1151, namely a restricted allotment in Seminole County, Oklahoma, did willfully and maliciously set fire to and burn a dwelling structure, namely a 1983 14' x 70' Magnolia Mobile Home, belonging to Joe Pulliam, an Indian, in violation of Title 18, United States Code, Sections 2, 81, 1151, and 1152.

Id.

Pursuant to a plea agreement with the Government, Williamson pleaded guilty to count four on August 2, 1996. Prior to accepting the plea, the district court read count four to Williamson and confirmed that Williamson understood that, should he plead guilty to count four, he could receive up to twenty years' imprisonment, a fine of up to $250,000 or both. R. Vol. III at 8-13. Williamson's only concern during the plea hearing related to ownership of the mobile home. Although count four stated that the mobile home belonged to Joe Pulliam, Williamson told the district court that "it was our house and we was paying on the house. . . . [Joe Pulliam] helped us get the house. So it was our house." Id. at 11. In response to the district court's inquiries, Williamson's counsel explained, "The title and mortgage are in Joe Pulliam's name. He may have had a private arrangement with them to pay on the mortgage, but ownership laid with Pulliam." Id. at 12. After some further discussion, the district court asked Williamson if he understood that the mobile home belonged to Pulliam. Williamson replied, "Yes, sir, I understand." Id. at 13. Upon acceptance of Williamson's guilty plea to count four, the remaining counts against him were dismissed.

Williamson appeared for sentencing on October 17, 1996, and objected to only one aspect of the presentence report. In the report, the probation officer recommended a base offense level of 24, which is the offense level assigned by USSG section 2K1.4(a)(1) for arson of a dwelling. Williamson contended, however, that the mobile home he destroyed

was not a "dwelling" within the meaning of section 2K1.4(a)(1) because, prior to the arson, he and his family had left the home with no intention of returning. Williamson asserted that his base offense level should be 20, which is the level section 2K1.4(a)(2) assigns for arsons involving structures other than dwellings.[1] After hearing counsels' arguments and the testimony of Williamson, his wife, and his mother, the district court found that the mobile home was a "dwelling" within the meaning of section 2K1.4(a)(1). The district court applied a base offense level of 24, and sentenced Williamson to seventy months' imprisonment, three years' supervised release, and a $50.00 special assessment.

## II.

"We review the factual findings supporting the district court's base offense level calculations under the clearly erroneous standard," United States v. Taylor, 97 F.3d 1360, 1362 (10th Cir. 1996), while the district court's interpretation of the guidelines is reviewed de novo. Id. We may affirm on any grounds that find support in the record, even if not the grounds relied upon by the district court. United States v. Roederer, 11 F.3d 973, 977 (10th Cir. 1993).

---

[1]An arson of a structure other than a dwelling may still receive a base offense level of 24 if the arson created "a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly." USSG § 2K1.4(a)(1). The parties do not contend that this provision is applicable to this case.

The Government contends that in determining whether the district court clearly erred in finding that the mobile home destroyed by Williamson was a dwelling, we need not look beyond the charging papers and the plea transcript. We agree. The federal arson statute under which Williamson was convicted clearly distinguishes between the burning of a dwelling and the burning of non-dwelling structures or property. See 18 U.S.C. § 81.[2] Arson of non-dwelling property carries a maximum punishment of five years' imprisonment, while arson of a dwelling carries a maximum of twenty years' imprisonment. Reference to the charging documents and plea transcript reveal that Williamson pleaded guilty to the more serious violation of 18 U.S.C. § 81. Count four of the indictment explicitly charged that Williamson "did willfully and maliciously set fire to and burn a *dwelling structure*, namely a 1983 14' x 70' Magnolia Mobile Home, belonging to Joe Pulliam . . . ." Attach. to Appellant's Br. (emphasis added). And, prior

_____

[2]As it read at the time Williamson committed the offense, 18 U.S.C. § 81 (1995) provided:

> Whoever, within then special maritime and territorial jurisdiction of the United States, willfully and maliciously sets fire to or burns, or attempts to set fire to and burn any building, structure or vessel, any machinery or building materials or supplies, military or naval stores, munitions of war, or any structural aids or appliances for navigation or shipping, shall be fined under this title or imprisoned not more than five years, or both.
>      If the building be a dwelling or if the life of any person be place in jeopardy, he shall be fined under this title or imprisoned not more than twenty years, or both.

Section 81 has since been amended to provide for a maximum term of 25 years' imprisonment for arson of a dwelling. 18 U.S.C. § 81 (1984 & Supp. 1997).

to entering his plea, Williamson acknowledged his understanding that a guilty plea to count four carried a possible sentence of twenty years' imprisonment. In short, Williamson did not simply plead guilty to violating section 81, Williamson pleaded guilty to burning a dwelling in violation of section 81.

By pleading guilty, Williamson admitted all the well-pleaded factual allegations in the indictment. United States v. Hill, 53 F.3d 1151, 1155 (10th Cir.), cert. denied, 116 S. Ct. 258 (1995). A guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). Rather than pleading guilty to count four, Williamson could have "challenged the theory of the indictment," id., and attempted to show that the mobile home he burned was not a dwelling. By knowingly and voluntarily pleading guilty, Williamson relinquished that opportunity.

Indeed, this case is similar to Hill, where we considered whether the Government had produced sufficient evidence for the district court to conclude that the defendant's prior conviction for burglary constituted a "violent felony" for purposes of enhancement under the Armed Career Criminal Act (the "ACCA"). 53 F.3d 1151. Under the ACCA, a burglary qualifies as a violent felony if it involves the entry of a building or structure. The defendant in Hill argued that his plea of guilty to second degree burglary under Oklahoma law did not equal an admission that he had entered a building during the crime. Id. at 1154-55. We disagreed, noting that the information explicitly alleged that the

defendant entered a building with the intent to commit a felony. Because the defendant had pleaded guilty to a charge supported by the information, we held there was sufficient evidence that the defendant's burglary conviction was a violent felony.

The same principle applies here. Williamson's guilty plea admitted all factual and legal elements sufficient to support sentencing for arson of a dwelling.[3] While the testimony received by the district court may have provided additional support for the sentence, such testimony is not necessary to our holding that the district court did not clearly err in this case.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]The commentary to section 2K1.4 specifically references 18 U.S.C. section 81, and we are convinced that "dwelling" has the same meaning under 2K1.4 as it does under section 81.