FILED
United States Court of Appeals
Tenth Circuit

March 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY JOE YOUNG, JR.,

Defendant - Appellant.

No. 11-7056
(D.C. No. 6:10-CR-00090-RAW-1)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this court has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

**I. Background**

Appellant Billy Joe Young, Jr. was charged in a single-count indictment
with being a felon in possession of a firearm, in violation of 18 U.S.C.

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

§ 922(g)(1).  Young pleaded guilty to the charge and the Presentence

Investigation Report ("PSR") recommended that his advisory guidelines sentence

be calculated by applying the armed career criminal provisions of USSG § 4B1.4.

As support for that recommendation, the PSR relied on Young's three prior

burglary convictions—two committed in Adair County, Oklahoma, and the third

committed in Benton County, Arkansas.  Despite Young's objections, the district

court concluded the § 4B1.4 enhancement should be applied and sentenced Young

to 188 months' incarceration, the low end of the advisory Guidelines range.

Young filed a timely notice of appeal and his counsel filed a brief and

motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  For

the reasons set forth below, we conclude the record in this case provides no

nonfrivolous basis for an appeal, and we therefore **grant** counsel's motion to

withdraw and **dismiss** this appeal.

## II.    Discussion

Under *Anders*, counsel may "request permission to withdraw where counsel

conscientiously examines a case and determines that any appeal would be wholly

frivolous."  *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

Counsel must submit a brief to the defendant and this court indicating any

potential appealable issues.  *Id*.  The defendant may then submit additional

arguments to the court.  *Id*.  "The [c]ourt must then conduct a full examination of

the record to determine whether defendant's claims are wholly frivolous.  If the

court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Id.* (citation omitted). Young was provided with a copy of the *Anders* brief and he filed additional arguments on November 25, 2011.

In his filing, Young argues the district court erred when it calculated his advisory guidelines range. In his *Anders* brief, Young's counsel states that although he has reviewed the record and the applicable case law there is no support for Young's position. We agree. Section 4B1.4 of the Sentencing Guidelines applies to offenders who are subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). An armed career criminal is defined as "a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The term violent felony is defined in 18 U.S.C. § 924(e)(2)(B)(ii) to include burglary.

Young argues, as he did before the district court, that USSG § 4B1.4 is inapplicable because one of his prior burglary convictions was for commercial burglary, not burglary of a dwelling, and therefore it is not a violent felony. The district court rejected the argument, concluding 18 U.S.C. § 924(e)(2)(B)(ii) is not limited to burglaries of dwellings. The district court's reasoning is fully consistent with Supreme Court precedent. *See Taylor v. United States*, 495 U.S. 575, 582, 594 (1990) (concluding Congress did not intend to restrict the ACCA

definition of burglary to the narrow common-law definition which included a requirement that the "offense be committed during the nighttime and with respect to a dwelling"); *see also id.* at 598 (holding, for purposes of the ACCA, burglary means generic burglary with "at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime"). Thus, the district court properly rejected Young's argument.[1]

We also agree with the Government that it is clear Young's three burglary convictions fit the generic definition of burglary. The record contains the informations and judgments for all three prior convictions. *See United States v. Hill*, 53 F.3d 1151, 1154 (10th Cir. 1995) (en banc) ("[T]he government is not required to produce the text of a guilty plea to support an enhancement under the ACCA if the charging document coupled with another document sufficiently enables the sentencing court to determine whether the defendant's prior conviction constitutes a violent felony."); *see also id.* at 1155 (holding that a defendant admits "all the well-pleaded facts in the indictment by pleading guilty"). Applying the categorical approach to the Arkansas conviction and the modified categorical approach to the two Oklahoma convictions, leads to the

---

[1]It is possible Young is confusing the armed career criminal provisions of § 4B1.4 with the career offender provisions of § 4B1.1. For purposes of § 4B1.1, the term "crime of violence" is defined, in part, as "burglary of a dwelling." USSG § 4B1.2(a)(2).

inexorable conclusion that all three convictions were for generic burglary which is a violent felony under the ACCA. *See Shepard v. United States*, 544 U.S. 13, 19 (2005) ("[G]uilty pleas may establish ACCA predicate offenses and . . . *Taylor*'s reasoning controls the identification of generic convictions following pleas, as well as convictions on verdicts, in States with nongeneric offenses."); *see also United States v. Venzor-Granillo*, No. 10-1541, 2012 WL 414374, at *6 (10th Cir. Feb. 10, 2012) ("[T]he modified categorical approach applies whenever a statute of conviction is ambiguous because it reaches a broad range of conduct, some of which merits an enhancement and some of which does not." (quotation omitted)). Thus, the district court properly applied the § 4B1.4 enhancement.

Our review of the record also confirms counsel's position that there is no basis upon which Young can challenge his sentence as either procedurally or substantively unreasonable. The only other possible basis for an appeal must relate to Young's conviction.[2] Having independently reviewed the record, we find nothing that indicates Young's guilty plea was not knowing and voluntary or that any of the district court's findings are erroneous. Accordingly, we conclude Young's appeal is wholly frivolous.

---

[2]Young specifically disavows any challenge to his conviction.

## III.  Conclusion

Counsel's motion to withdraw is **granted** and this appeal is **dismissed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge