**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THEODORE BURCH, JR.,

Defendant - Appellant.

No. 13-5117
(D.C. No. 4:13-CR-00050-JHP-1)
N.D. Oklahoma

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). Accordingly, we

honor the parties' requests and order the case submitted without oral argument.

In 2013, Defendant-Appellant Theodore Burch, Jr. pleaded guilty to being

a convicted felon in possession of a firearm, in violation of 18 U.S.C. §

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

922(g)(1).  The Presentence Investigation Report recommended that Burch be sentenced under the Armed Career Criminal Act ("ACCA").  *See* 18 U.S.C. § 924(e) (establishing a minimum mandatory sentence of fifteen years for a defendant convicted of violating § 922(g) if he has three previous convictions for violent felonies or serious drug offenses).  Burch objected to that recommendation, arguing "the modified categorical approach must be applied" to determine whether his two prior Oklahoma state convictions for second degree burglary are violent felony convictions under 18 U.S.C. § 924(e)(2)(B). [objection to PSR @ 4]  *See United States v. Hill*, 53 F.3d 1151, 1154-55 (10th Cir. 1995) (applying the modified categorical approach to determine whether defendant's prior conviction under the Oklahoma burglary statute was a violent felony for purposes of the ACCA).  Specifically, he asserted the Government was required to demonstrate "the entering was not by tool and that the goods were remo[]ved from a building rather than one of the alternative objects set forth in the second degree burglary statute."[1]

In response to Burch's objection, the Government presented the charging documents on which the two Oklahoma burglary convictions were based and the two accompanying judgments.  Because Burch pleaded guilty to both charges, he

---

[1]The Oklahoma Uniform Jury Instructions define "entering," to include the insertion of a tool or instrument inside a dwelling "if the insertion of the tool or instrument is capable of completing the purpose of the intended crime."  Okla. Uniform Jury Instructions, Crim.2d, § 5-18.

admitted entering two buildings with the intent to steal personal property. As to Burch's argument the Government was required to show the entering did not occur by use of a tool or instrument, the Government noted this court has held that "the Supreme Court's definition of generic burglary for purposes of the ACCA encompasses 'entry by a tool or an instrument.'" *United States v. Cartwright*, 678 F.3d 907, 914 (10th Cir. 2012).

The district court resolved Burch's objection during the sentencing hearing. The court overruled the objection, concluding it was clear from the charging documents and the rulings of the Supreme Court and this court that Burch's prior convictions for second degree burglary met the definition of generic burglary. Thus, the Government met its burden of showing Burch had three prior violent felony convictions for purposes of the ACCA.[2] The district court sentenced Burch to the minimum mandatory term of fifteen years' imprisonment.

Burch acknowledges the Government's evidence shows his prior burglary convictions involved the burglary of buildings. Relying on the Supreme Court's recent opinion in *Descamps v. United States*, however, Burch now asserts Oklahoma defines burglary not alternatively, but more broadly than generic burglary because the element of entry applies to entry by a tool or by a person. *Cf.* 133 S. Ct. 2279, 2283 (2013) (holding the modified categorical approach does

---

[2]Burch did not challenge the characterization of two robbery convictions as ACCA predicate offenses.

not apply to statutes "that contain a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense"). Thus, according to Burch, Oklahoma's burglary offense is non-divisible and the modified categorical approach is inapplicable. *See id*. at 2285-86.

Burch acknowledges this court has previously held that generic burglary includes "actual intrusion into [a] home with [a] tool . . . capable of completing the purpose of the crime," foreclosing the argument he raises on appeal. *Cartwright*, 678 F.3d at 913. He states his appeal was filed for the purpose of preserving his claim "that Oklahoma's second degree burglary is not subject to the modified categorical analysis, and the district [sic] erred by relying on such analysis in reaching the decision to invoke the ACCA."

We acknowledge Burch's argument, but express no opinion on whether it was properly preserved in the district court.

The sentence imposed by the district court is **affirmed**.


ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge