UNITED STATES of America,
Plaintiff–Appellee,

v.

Eddie David LUJAN, Defendant–Appellant.

No. 92–2160.

United States Court of Appeals,
Tenth Circuit.

Nov. 17, 1993.

---

Charles S. Aspinwall, Albuquerque, NM, for defendant-appellant.

Thomas L. English, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., with him on the brief), Albuquerque, NM, for plaintiff-appellee.

Before McKAY, Chief Judge, and GOODWIN * and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Eddie David Lujan was convicted as a felon in possession of a firearm in violation of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 922(g)(1) (1988). He was sentenced to 262 months imprisonment as the result of an enhancement under 18 U.S.C. § 924(e)(1) (1988). Mr. Lujan contends that the district court erred in finding that his previous convictions for manslaughter, robbery, and burglary were all "violent felonies" under section 924(e)(1) and therefore appropriate for enhancement purposes. Mr. Lujan also contends that the burglary conviction is ancient and may therefore not be counted. We affirm.

## I.

■ A defendant convicted as a felon in possession of a firearm in violation of the ACCA is ordinarily subject to imprisonment for not more than 10 years. *Id.* § 924(a)(2). This sentence is subject to enhancement under section 924(e), however, if the defendant

---

* The Honorable Alfred T. Goodwin, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

has had three prior convictions "for a violent felony or a serious drug offense, or both." *Id.* § 924(e)(1).[1] The relevant statutory section defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; ....

*Id.* § 924(e)(2)(B).

In the instant case, Mr. Lujan's sentence was enhanced to 262 months on the basis of three prior state court convictions. In support of its motion for enhancement of Mr. Lujan's sentence, the government offered his convictions for manslaughter in California and robbery and burglary in New Mexico.

## II.

■ A sentence enhancement under section 924 is a legal determination subject to de novo review. *United States v. Barney,* 955 F.2d 635, 638 (10th Cir.1992). "We review the entire record and supporting documentation to determine the legitimacy of the sentence[ ] imposed below." *Id.* The first issue is whether each of Mr. Lujan's prior state convictions is a violent felony under the ACCA. In *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court stated that a "categorical approach" is used to designate predicate offenses under the Act. *Id.,* 495 U.S. at 588, at 2153. Thus, ordinarily the language of the state statutes used to convict Mr. Lujan determines whether each crime is a "violent felony."

■ Both the manslaughter and the robbery convictions are clearly violent felonies under the Act. In California, manslaughter is defined as "the unlawful killing of a human being without malice." Cal.Penal Code § 192 (Deering 1993). This crime has

---

1. "Significantly, § 924(e)(1) is a penalty enhancement, not a separate substantive crime." *United States v. Johnson,* 973 F.2d 857, 859 (10th Cir.1992).

"as an element the use, attempted use, or threatened use of physical force against the person of another" and thus is a violent felony under the ACCA. 18 U.S.C. § 924(e)(2)(B) (1988). *See United States v. Springfield,* 829 F.2d 860 (9th Cir.1987) (holding that involuntary manslaughter is crime of violence under § 924(c)). The New Mexico robbery statute also contains the required element of force: "Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, *by use or threatened use of force or violence.*" N.M.Stat.Ann. § 30–16–2 (1978) (emphasis added). Because the crimes of manslaughter in California and robbery in New Mexico both contain the statutory elements required by the ACCA, the district court correctly used these convictions to enhance Mr. Lujan's sentence.

The ACCA specifically includes burglary as a "violent felony." 18 U.S.C. § 924(e)(2)(B). The Supreme Court, however, has narrowly defined the elements necessary to constitute burglary under the Act. *Taylor,* 495 U.S. at 598, 110 S.Ct. at 2158. According to the Court, burglary under the ACCA refers to "an unlawful or unprivileged entry into or remaining in a building or other structure, with intent to commit a crime." *Id.* The New Mexico burglary statute is broader, defining burglary as "the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." N.M.Stat.Ann. § 30–16–3 (1978). Therefore, as we have held with other similar state burglary statutes, Mr. Lujan's conviction under New Mexico's burglary statute does not necessarily mean that he was found guilty of burglary under the ACCA. *See Barney,* 955 F.2d 635, 640–41 (Wyoming statute); *United States v. Strahl,* 958 F.2d 980, 984 (10th Cir.1992) (California statute).

Where the state definition of burglary is too broad, the conviction can nevertheless be used for a section 924(e) sentence enhancement if "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Taylor,* 495 U.S. at

601, 110 S.Ct. at 2160. The government here entered into evidence Mr. Lujan's burglary indictment and a judgment stating that he was found guilty of burglary at a jury trial. No jury instructions were included. We do not interpret *Taylor* to require the government to provide jury instructions in a case where the charging document and verdict necessarily show that the jury found the requisite elements of burglary. *See United States v. Parker,* 5 F.3d 1322, 1326 (9th Cir.1993); *United States v. Alverez,* 972 F.2d 1000, 1006 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1427, 122 L.Ed.2d 795 (1993).

Mr. Lujan's New Mexico indictment states that he made "an unauthorized entry of Shaya's Jewelry Store, a business structure in Santa Fe, New Mexico, with intent to commit a theft therein." Supp. rec., vol. I, doc. 39. In finding Mr. Lujan guilty of burglary, the jury necessarily found that Mr. Lujan entered a building with the intent to commit a crime. The only remaining question is whether "unauthorized entry" means that the jury necessarily found the entry "unlawful or unprivileged" according to the definition in *Taylor,* 495 U.S. at 598, 110 S.Ct. at 2158.

Mr. Lujan argues that "unauthorized entry" may mean anything and does not necessarily rise to the level of unlawful or unprivileged entry on its face. In *Taylor,* the Supreme Court stated that its definition of burglary approximates the definition of burglary in the model penal code. *Taylor,* 495 U.S. at 598 n. 8, 110 S.Ct. at 2158 n. 8. That definition reads: " 'A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, *unless the premises are at the time open to the public or the actor is licensed or privileged to enter.*' " *Id.* (emphasis added). In New Mexico, "[a] person who enters a store open to the public with intent to shoplift, or commit larceny, is not guilty of burglary." *State v. Rogers,* 83 N.M. 676, 496 P.2d 169, 170 (1972). Thus, "unauthorized entry" as used in the New Mexico burglary statute and in Mr. Lujan's indictment necessarily has the same meaning as "unlawful or unprivileged entry" in *Taylor,* 495 U.S. at 598, 110 S.Ct.

at 2158. *See United States v. Becker,* 919 F.2d 568, 571 n. 5 (9th Cir.1990) (element of unlawful entry has been read into California first degree burglary statute), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991). Consequently, the district court properly included Mr. Lujan's burglary conviction as a violent felony under the ACCA.

### III.

Mr. Lujan also contends that his burglary conviction should have been excluded because it is ancient under section 4A1.2(e) of the Sentencing Guidelines. This section states that "Any … prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." Mr. Lujan argues that because his conviction for burglary was more than twenty years old, it should not have been included under 18 U.S.C. § 924(e)(1).

Section 4B1.4 of the Sentencing Guidelines, entitled Armed Career Criminal, is the section that implements 18 U.S.C. § 924(e). U.S.S.G. § 4B1.4, at 268, Background (1993). According to the application notes, "the time periods for the counting of prior sentences under § 4A1.2" are not applicable to sentence enhancement determinations under section 924(e). *Id.* at 267, Application Note 1. Section 4A1.2 of the Sentencing Guidelines therefore does not prohibit Mr. Lujan's burglary conviction from being used as a prior conviction under the ACCA.

The ACCA itself does not place any time period restriction on prior convictions considered for sentence enhancement. Other circuits have uniformly rejected arguments that a limitation exists or should be created. *United States v. Daniels,* 3 F.3d 25, 28 (1st Cir.1993); *United States v. Alverez,* 972 F.2d 1000, 1006 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1427, 122 L.Ed.2d 795 (1993); *United States v. Blankenship,* 923 F.2d 1110, 1118 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2262, 114 L.Ed.2d 714 (1991); *United States v. McConnell,* 916 F.2d 448, 450 (8th Cir.1990); *United States v. Preston,* 910 F.2d 81, 89 (3rd Cir.1990), *cert. denied,* 498 U.S. 1103, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991); *United States v. Green,* 904 F.2d 654, 655 (11th Cir.1990). We simi-

larly decline to conclude that prior convictions should be eliminated from consideration under the ACCA because they are ancient.

Accordingly, we AFFIRM the enhancement of Mr. Lujan's sentence.