25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. GILBERT, Defendant-Appellant.
 No. 93-6390.
 United States Court of Appeals,
Tenth Circuit.
 June 7, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,[2].
 
 
 2
 Ronald L. Gilbert appeals the district court's decision to sentence him pursuant to the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(1). We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 Mr. Gilbert pleaded guilty to possession of a handgun in violation of 18 U.S.C. 922(g)(1) and (2), and his sentence was enhanced pursuant to the ACCA. 18 U.S.C. 924(e)(1). The government offered three prior Oklahoma state court convictions to support his sentence enhancement. On August 22, 1969, Mr. Gilbert was convicted of the felony of robbery with firearms and the felony of second degree burglary. On March 20, 1980, Mr. Gilbert was convicted of the felony of robbery with a dangerous weapon. Mr. Gilbert argues that the district court impermissibly relied on the prior felony convictions for second degree burglary and robbery with a dangerous weapon to enhance his sentence because these two felonies are not "violent felonies" within the meaning of 924(e)(2)(B).
 
 
 4
 "A sentence enhancement under section 924 is a legal determination subject to de novo review." United States v. Lujan, 9 F.3d 890, 891 (10th Cir.1993). "We review the entire record and supporting documentation to determine the legitimacy of the sentence[ ] imposed below." United States v. Barney, 995 F.2d 635, 638 (10th Cir.1992). A person convicted under 922(g)(1) may be subject to an enhanced sentence if he has three prior violent felony convictions. 18 U.S.C. 924(e)(1). A "violent felony" is defined as
 
 
 5
 any crime punishable by imprisonment for a term exceeding one year, ... that--
 
 
 6
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
 
 
 7
 (ii) is burglary, ... or otherwise involves conduct that presents a serious potential risk of physical injury to another....
 
 
 8
 18 U.S.C. 924(e)(2)(B). To determine whether a prior conviction was for a "violent felony," the court must employ a "formal categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990). The sentencing court must look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id.
 
 
 9
 The ACCA specifically states that "burglary" is a "violent felony." 18 U.S.C. 924(e)(2)(B)(ii). In Taylor, the Supreme Court stated that burglary, as defined in the ACCA, requires a showing of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. The Oklahoma burglary statute, however, is broader than the generic definition of burglary provided in Taylor.[3] We therefore cannot conclusively say Mr. Gilbert was found guilty of burglary as defined in the ACCA. See Lujan, 9 F.3d at 892.
 
 
 10
 If the statutory definition of burglary is more expansive than the generic definition of burglary under the ACCA, the conviction can nevertheless be used for a 924(e) enhancement if "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Taylor, 495 U.S. at 602. We have held that jury instructions are not required if the court can determine from the indictment and judgment that all the necessary elements of generic burglary were met. Lujan, 9 F.3d at 892. "[W]here enhancement is sought on the basis of a conviction obtained through a guilty plea, the sentencing court may look to the underlying indictment or information and the text of the guilty plea to determine whether the defendant was charged with and admitted conduct which falls without question within the ambit of Taylor's generic definition." Barney, 955 F.2d at 639. Moreover, if the "defendant pled guilty to charges supported by [an] information[ ] which satisf[ies] Taylor's definition, those convictions ... count toward enhancement." Id.; United States v. Payton, 918 F.2d 54, 56 (8th Cir.1990) (defendant's guilty plea coupled with charging paper supported a finding of elements required for generic burglary). "A plea of guilty is the equivalent of admitting all material facts alleged in the charge." United States v. Kelsey, 15 F.3d 152, 153 (10th Cir.1994).
 
 
 11
 Mr. Gilbert pleaded guilty to a charge of second degree burglary. Mr. Gilbert contends that his plea fails to establish the necessary elements to support a finding of generic burglary. We disagree. The information stated that Mr. Gilbert did "wilfully, unlawfully and feloniously break and enter a one-story block building, known as A & A Automotive Parts and Radiators Company ... by forcible entry through the west rear door by breaking window glass next to said door, unlocking said door and entering therein, with the ... intent ... to steal ... the property therein." Mr. Gilbert's burglary information included all the elements of a generic burglary as defined in Taylor. His plea of guilty to a charge supported by an information which satisfied the Taylor definition establishes that his conviction of second degree burglary could properly count toward enhancement.
 
 
 12
 Mr. Gilbert was also convicted of robbery with a dangerous weapon under Okla. Stat. tit. 21, 801, which provides that
 
 
 13
 [a]ny person or persons who, with the use of any firearm or any other dangerous weapons, ... attempts to rob or robs any person ... shall be guilty of a felony, and, upon conviction, therefor, shall suffer punishment by imprisonment for life, in the State Penitentiary, or for a period of time of not less that five (5) years....
 
 
 14
 Okla. Stat. tit. 21, 801 (1973). Robbery, in turn, is defined as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla. Stat. tit. 21, 791 (1910).
 
 
 15
 In determining whether a prior conviction constitutes a "violent felony," we apply a categorical approach and look only to the statute establishing the crime for which the defendant was convicted. The Oklahoma statute under which Mr. Gilbert was convicted contemplates robbery or attempted robbery with a dangerous weapon. This conviction constitutes a "violent felony" under either 924(e)(2)(B)(i), as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or under 924(e)(2)(B)(ii), as a crime which "involves conduct that presents a serious potential risk of physical injury to another." See United States v. Sanders, 18 F.3d 1488, 1490 (10th Cir.1994) (finding armed robbery a "violent felony" within the meaning of the ACCA) Thus, looking only to the statute under which Mr. Gilbert was convicted and not to the underlying facts of his conduct, we find that this conviction constitutes a "violent felony" within the meaning of the ACCA.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [3]
 The Oklahoma burglary statute in effect in 1969 provided:
 Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.
 Okla. Stat. Ann. tit. 21, 1435 (1961).