**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

TRACY ALAN BAKER,

　　　　Defendant-Appellant.

Nos.  97-5010 & 97-5011
(D.C. Nos. 96-CR-154-C
&
96-CR-18-C)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The cases are therefore ordered submitted without oral argument.

---

[*]　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In each of these cases, defendant Tracy Alan Baker was convicted of one count of possession of a firearm after former conviction of a felony, pursuant to 18 U.S.C. § 922(g). He was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to fifteen years on each count with the sentences to run concurrently. The sentences were enhanced, pursuant to the ACCA, based on three prior convictions: second degree burglary, shooting with intent to kill, and unlawful cultivation of marijuana. He appeals the sentences, claiming that his prior conviction for unlawful cultivation of marijuana does not qualify as a "serious drug offense" as contemplated by § 924(e)(1) & (2)(A)(ii), and therefore cannot be used to enhance his sentence. We affirm the sentences.

We review de novo a sentence enhancement under § 924. See United States v. Lujan, 9 F.3d 890, 891 (10th Cir. 1993). Our review includes the entire record and supporting documentation in order to ascertain whether the sentence imposed is authorized. See id.

Defendant maintains that the federal sentencing court must examine the facts underlying a state court conviction to determine whether it meets the criteria of § 924(e)(1) & (2)(A)(ii) for sentence enhancement under the ACCA. He asserts that he was convicted of the crime of unlawful cultivation of marijuana based on his possession of one flowerpot containing three small marijuana plants.

He argues that he was not guilty of a "serious drug offense" for the purpose of enhancing his sentence under the ACCA.

We do not examine the underlying facts to determine whether the prior conviction was for a "serious drug offense." See Taylor v. United States, 495 U.S. 575, 600-02 (1990) (enhancement statute, § 924(e), requires federal sentencing court to look only at statutory definition of prior offense and fact that defendant was convicted); accord United States v. King, 979 F.2d 801, 802 (10th Cir. 1992) ("For purposes of § 924(e), the courts do not inquire into the particular factual circumstances surrounding the past offenses."). Instead, we must evaluate whether the relevant state statute meets the requirements of § 924(e)(2)(A)(ii). See United States v. McMahon, 91 F.3d 1394, 1398 (10th Cir.), cert. denied, 117 S. Ct. 533 (1996).

The ACCA provides for an enhanced sentence for a person who violates 18 U.S.C. § 922(g) and has three previous convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A "'serious drug offense' means . . . an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. § 924(e)(2)(A)(ii). The relevant Oklahoma state statute provides, "[i]t shall be unlawful for any person to cultivate or produce, or to knowingly permit

-3-

the cultivation, production, or wild growing of any species of such plants [including marijuana]. . . ." Okla. Stat. tit. 63, § 2-509(B).  A violation of that provision is a felony punishable by a fine "and imprisonment in the State Penitentiary for not less than two (2) years nor more than life." Id. § 2-509(D).

We conclude that the elements of the Oklahoma statute under which defendant was convicted satisfy the ACCA's definition of "a serious drug offense," as set forth in § 924(e)(2)(A)(ii).  Even though the Oklahoma statute does not prohibit "manufacturing" marijuana, but rather prohibits "cultivation" and "production," this court has held that "manufacturing" includes "production" and "cultivation." See United States v. Wood, 57 F.3d 913, 918, 919 (10th Cir. 1995).  The relevant Oklahoma statute also provides for a life term as the maximum imprisonment, thus meeting the ACCA's requirement that the maximum term of imprisonment be ten years or more.

Defendant's sentences are AFFIRMED.


Entered for the Court


Wade Brorby
Circuit Judge

-4-