**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

BILLY JOE HILL,

  Defendant-Appellant.

No. 05-5112

(D.C. No. 03-CR-71-CVE)
(N. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

A jury convicted Defendant Billy Joe Hill of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6). On appeal, Defendant argues (1) the Government did not present sufficient evidence to sustain his § 922(g)(1) conviction; (2) his § 922(g)(1) conviction violates the prohibition against ex post facto laws; (3) the district court prevented him from presenting certain testimonial evidence; (4) the district court improperly instructed the jury; and (5) the district court improperly

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

calculated his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

## I.

The evidence the Government introduced at trial revealed that on April 30, 2002, Ina Sanchez, manager of Fast-Buck Pawnworld, and Suzanne Lee, assistant manager, observed Defendant enter the pawnshop carrying a shotgun. According to Ms. Sanchez, Defendant was a regular customer. Ms. Sanchez testified she assisted Defendant who wanted to pawn the shotgun. At trial, the Government presented the pawn ticket Ms. Sanchez prepared for the transaction. The ticket contained Defendant's name and address and identified the shotgun as a 12-gauge Springfield Model 67. Both Ms. Sanchez and Ms. Lee testified that several times thereafter, Defendant returned to the pawnshop to refinance the shotgun.

Ms. Sanchez further testified that on May 25, 2002, Defendant returned to the pawnshop and attempted to re-acquire the shotgun. Defendant completed and signed the required ATF Form 4473, a form necessary to verify the purchaser's identity and determine if the purchaser is legally allowed to possess a firearm. In the form, Defendant denied having been previously convicted of a felony. After calling in Defendant's application, Ms. Sanchez informed Defendant his application was denied.

## II.

Defendant first argues the Government did not present sufficient evidence to

support his conviction for possession of a firearm. According to Defendant, "his possession was merely incidental to the pawn transaction," and insufficient to constitute dominion and control over the firearm. We review a denial of a motion of acquittal de novo. United States v. Williams, 376 F.3d 1048, 1051 (10th Cir. 2004). In conducting our inquiry, we view the evidence in the light most favorable to the Government to determine whether the evidence the Government presented, if believed by a reasonable jury, would establish each element of the crime. Id.

Contrary to Defendant's suggestion, "a conviction for being a felon in possession of a firearm under § 922(g) does not require evidence of a lengthy possession[.]" United States v. Williams, 403 F.3d 1188, 1194 (10th Cir. 2005). As we noted, "even if a felon held a firearm for a mere second or two, unless that felon truly did not know that what he possessed was a firearm or there was some recognized legal justification for his holding the firearm, § 922(g) will still impose criminal liability." United States v. Adkins, 196 F.3d 1112, 1115 (10th Cir. 1999). Both Ms. Sanchez and Ms. Lee testified at trial they observed Defendant carry the shotgun into the pawnshop. Based on their testimony, a reasonable jury could have found beyond a reasonable doubt Defendant knowingly possessed a firearm, even if for a brief moment. Therefore, the Government's evidence was sufficient to sustain Defendant's conviction.

III.

Defendant next argues his § 922(g)(1) conviction violates the Ex Post Facto clause

3

of the Constitution. According to Defendant, applying § 922(g)(1) to him is an ex post facto violation because the Government did not introduce any evidence the gun traveled in interstate commerce after 1968, the year the Gun Control Act was enacted. Contrary to Defendant's argument, § 922(g)(1) criminalizes a felon's possession of a firearm, not the interstate transportation of a firearm in commerce. The mere fact the firearm a felon possesses traveled in interstate commerce prior to the law's enactment does not make a defendant's conviction unconstitutional. See United States v. Woods, 696 F.2d 566, 571-72 (8th Cir. 1982). The "in or affecting commerce" language, only "describes what *kind* of a gun felons may not possess" and provides the necessary jurisdictional basis for the federal law. United States v. Gillies, 851 F.2d 492, 495 (1st Cir. 1988). The evidence the Government presented at trial established Defendant possessed the firearm in the spring of 2002, well after the enactment of the Gun Control Act of 1968. Accordingly, Defendant's conviction does not constitute an ex post facto violation.

IV.

Defendant also argues the district court erred by refusing to continue the trial to allow him to subpoena Jay Jones, owner of Fast-Buck Pawnworld, to testify. At trial, Defendant asserted Mr. Jones would testify he "was the one that was at the pawnshop and a witness to the fact that [Defendant] did not pawn the gun." The district court denied Defendant's request because it was untimely and Mr. Jones's proposed testimony was not relevant in light of Ms. Sanchez and Ms. Lee's testimony. We review a district court's

4

evidentiary ruling for an abuse of discretion. United States v. Dowlin, 408 F.3d 647, 659 (10th Cir. 2005). This means we will not disturb an evidentiary ruling "absent a distinct showing that it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error in judgment." United States v. Jenkins, 313 F.3d 549, 559 (10th Cir. 2002).

The district court did not abuse its discretion. Because Defendant sought to continue the trial to obtain Mr. Jones's testimony, he had to show what Mr. Jones's testimony would be and that the testimony was competent and relevant. See Dowlin, 408 F.3d at 663. Testimony is relevant if "it was of such exculpatory nature that its exclusion affected the trial's outcome." Id. at 559. For starters, Defendant did not bring this witness to the attention of the district court until the trial was underway despite the court having previously continued the trial so Defendant could make arrangements for his witnesses. In addition, the record reveals Mr. Jones was incarcerated in federal prison, but his location was unknown. Nothing in the record shows Defendant spoke with Mr. Jones prior to his trial and that Mr. Jones would testify as Defendant suggested. Defendant was simply speculating. Moreover, whether Mr. Jones was in the store on the day Defendant allegedly pawned the shotgun is unclear. Ms. Sanchez testified it was "possible" he was in the store, but she was not certain. But regardless of whether Mr. Jones was in the pawnshop and would have testified as Defendant believes, the district court correctly noted both Ms. Sanchez and Ms. Lee observed Defendant enter the

5

pawnshop carrying the shotgun. Accordingly, the exclusion of Mr. Jones's

testimony–whatever it might have been– would not have affected the outcome of the

trial.[1]

V.

Fourth, Defendant argues the district court improperly instructed the jury on his

§ 922(a)(6) charge. After the jury began deliberating, the district court received the

following question from the jury concerning the ATF Form 4473 Defendant completed

during his attempt to re-acquire the shotgun: "Your Honor, with regards to the firearms

record, jurors have expressed concerns that Section B was signed, 'Jay Jones,' by Ina

Sanchez. Has this invalidated the document?" The court responded: "you are instructed

that the form has not been invalidated for any purpose germane to the issue before you."

Defendant objected to the court's response.

Defendant argues on appeal the district court's response was "akin to giving the

Government a directed verdict" on the false statement claim. We disagree. We review

jury instructions to determine whether the jury was misguided concerning the applicable

law. See United States v. Arias-Santos, 39 F.3d 1070, 1075 (10th Cir. 1994). The

submission of supplemental instructions to the jury is a matter committed to the trial

court's discretion. Id. To sustain a conviction for making a false statement under

---

[1] Defendant also argues the district court deprived him of the right to call Clara
Mulrain, whom Defendant referred to as his wife. We disagree. The record is clear;
Defendant voluntarily decided not to call Ms. Mulrain as a witness.

§ 922(a)(6), the Government must prove beyond a reasonable doubt that (1) the defendant knowingly made a false statement; (2) the statement was intended to deceive or likely to deceive a licensed firearms dealer; and (3) the false statement was a material fact to the lawfulness of the sale or disposition of the firearm. See United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2004). Contrary to Defendant's argument, the validity of Mr. Jones's signature on the ATF Form 4473 was in no way relevant to the issue before the jury–whether Defendant made a statement in the ATF Form 4473 intending that it be relied upon by a firearms' dealer during the attempted acquisition of a firearm. In no way did the district court's supplemental instruction misguide the jury as to the applicable law. Accordingly, the district court's clarification was not an abuse of discretion.

VI.

Defendant lastly argues the district court erred in sentencing him as an armed career criminal pursuant to 18 U.S.C. § 924(e). The district court determined Defendant was subject to an enhanced sentenced under § 924(e) on the basis of three prior convictions for violent felonies and sentenced him to 210 months imprisonment on the possession charge. Defendant argues the district court improperly considered Defendant's 1988 conviction for assault and battery with a dangerous weapon, as well as his 1975 armed robbery conviction. We disagree.

Defendant first asserts the district court inappropriately considered his 1988 assault and battery conviction because it is not a violent felony. This is a question of law we

7

review de novo. See United States v. Moore, 401 F.3d 1220, 1225 (10th Cir. 2005). The term "violent felony" means "any crime punishable by imprisonment for a term exceeding one year," that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(1)(B)(I). To determine whether a prior conviction is a violent felony under § 924(e)(1), a court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." United States v. Austin, 426 F.3d 1266, 1271 (10th Cir. 2005). The statute under which Defendant was convicted reads in part: "Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery, upon the person of another with any sharp or dangerous weapon . . . upon conviction is guilty of a felony . . . ." 21 Okla. Stat. § 645. According to the felony information, while Defendant was incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma, Defendant struck a corrections' officer on the head with a metal handcuff and chain. Based on this evidence, as well as the plain language of the statute, Defendant's assault and battery conviction constitutes a crime of violence as defined by § 924.

Defendant next argues the district court improperly considered his 1975 robbery conviction. According to Defendant, this conviction is unconstitutional because the prosecution used Defendant's 1965 juvenile robbery conviction to impeach him, and his

8

1965 conviction had been declared unconstitutional under <u>Lamb v. Brown</u>, 456 F.2d 18 (10th Cir. 1972).  Defendant's attempt to collaterally attack his state conviction fails.  In <u>Custis v. United States</u>, 511 U.S. 485 (1994), the Supreme Court held that a defendant in a federal sentencing proceeding can not collaterally attack the validity of prior state conviction under the Armed Career Criminal Act of 1984.  Accordingly, Defendant's argument is without merit.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge