**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BILLY JOE HILL,

Defendant-Appellant.

No. 10-5012
(D.C. Nos. 4:08-CV-00110-CVE-FHM
and 4:03-CR-00071-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Billy Joe Hill, a convicted felon, pawned a shotgun. When he later tried to reacquire it, he indicated on a firearms transaction record that he had no felony convictions. He was later arrested and tried before a jury, where he represented himself with stand-by counsel. The jury convicted him of one count of being a

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of making a false statement to obtain a firearm, in violation of 18 U.S.C. § 922(a)(6). A third count, which arose from an earlier arrest for possession of a similar firearm, was dismissed after the jury failed to reach a verdict. Mr. Hill was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), and the 2004 version of the United States Sentencing Guidelines, receiving concurrent sentences of 212 months of imprisonment on count one and 120 months on count two, and concurrent five- and three-year terms of supervised release.

After we affirmed his conviction and sentence on direct appeal, *see United States v. Hill*, 200 F. App'x 783 (10th Cir. 2006), Mr. Hill filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He advanced thirty grounds for relief, many couched in terms of ineffective assistance of appellate counsel for failing to raise them on direct appeal. The district court grouped the grounds into nine categories: (1) the court compelled Mr. Hill to proceed without counsel; (2) the court lacked subject matter jurisdiction; (3) the court improperly enhanced his sentence using his prior convictions; (4) he was denied his right to a speedy trial; (5) there was insufficient evidence, or the government used false evidence, to convict him; (6) he was denied his right to a fair trial; (7) appellate counsel failed to communicate with him; (8) he was subject to an unconstitutional

search with respect to count three; and (9) trial counsel and the court failed to advise him of his possible sentence.

In a detailed and thorough decision, the district court denied relief. The court concluded that Mr. Hill had knowingly, voluntarily, and intelligently decided to proceed at trial without counsel after his court-appointed attorney moved to withdraw because she could not ethically present certain evidence Mr. Hill wished to use. Because Mr. Hill's claim that he was forced to proceed pro se at trial was meritless, the court concluded that appellate counsel was not ineffective for failing to raise it on direct appeal. *See United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel.") (quotation omitted). The court made a similar determination with respect to many of the other grounds Mr. Hill raised—that the grounds were meritless, so there was no ineffective assistance of counsel for failing to raise the ground on appeal. The court also ruled that a number of grounds for relief not couched in terms of ineffective assistance of appellate counsel were procedurally barred because they could have been raised on direct appeal, and Mr. Hill had failed to show cause for that failure and prejudice or a fundamental miscarriage of justice. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). The court further determined that some of Mr. Hill's claims were barred because this court had already considered and decided them adversely

to Mr. Hill, and that other claims failed because they were either vague or conclusory.

In order to appeal the district court's decision, Mr. Hill must obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B). The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For those claims the district court denied on the merits, Mr. Hill must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). For those claims the district court denied on a procedural ground, Mr. Hill must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

Having reviewed the record and the controlling law, and liberally construing Mr. Hill's pro se filings, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)*,* we conclude that, for substantially the same reasons set forth by the district court in its January 22, 2010, Opinion and Order, Mr. Hill has not met the requirements for a COA. The district court's analysis was sound and

well-reasoned, and we need not reiterate it. However, we briefly address one misunderstanding that pervades Mr. Hill's appellate filings.

Under Okla. Stat. tit. 21, § 51.1B, a felony conviction that is more than ten years old may not be used to enhance a later felony sentence. Mr. Hill claims that this state statute forecloses the use of a 1975 state conviction for armed robbery as one of the three predicate felonies necessary to enhance his federal sentence under the ACCA. But the Oklahoma statute has no bearing on the use of that conviction to enhance a sentence for a federal crime under the ACCA. The ACCA is federal law and contains no temporal limitation on predicate felonies, as noted in *United States v. Lujan*, 9 F.3d 890, 893 (10th Cir. 1993), where we rejected the argument that "prior [state] convictions should be eliminated from consideration under the ACCA because they are ancient." And although § 4A1.2(e) of the Sentencing Guidelines contains a ten-year limitation on prior sentences analogous to the Oklahoma statute, it is not applicable to sentence enhancements under the ACCA. *See* U.S. Sentencing Guidelines Manual § 4B1.4 appl. n.1 (2004); *Lujan*, 9 F.3d at 893.

For the foregoing reasons, we DENY Mr. Hill's application for a certificate of appealability and DISMISS this appeal.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-5-