FILED
United States Court of Appeals
Tenth Circuit

October 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY JOE HILL,

Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; BRAD
HENRY, Governor; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA; OKLAHOMA
COUNTY COURT CLERK;
MANAGER OFFENDERS RECORD
UNIT; OKLAHOMA DEPARTMENT
OF CORRECTIONS DIRECTOR,

Defendants - Appellees.

No. 10-6138

(W.D. Oklahoma)

(D.C. No. 5:09-CV-01221-HE)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Billy Joe Hill, a federal prisoner proceeding pro se, filed this 42 U.S.C. § 1983 action against various Oklahoma State officials and corrections personnel. He seeks, *inter alia*,  money damages for allegedly cruel and unusual treatment and false imprisonment while he was incarcerated in the Oklahoma State Penitentiary from 1965 to 1971.  He also seeks an injunction.  The district court dismissed the action primarily on statute of limitations grounds.  We affirm.


## BACKGROUND

Mr. Hill was convicted of armed robbery in 1965, a few months short of his eighteenth birthday.  He was tried as an adult, and served time in state prison from 1965 to 1971.  In 1972 this court held that Oklahoma's scheme for certifying girls, but not boys ages 16 and 17, to be tried as adults, was unconstitutional.  <u>See</u> <u>Lamb v. Brown</u>, 456 F.2d 18 (10th Cir. 1972).  And that ruling was later held to be retroactive.  <u>Radcliff v. Anderson</u>, 509 F.2d 1093 (10th Cir. 1974). Subsequently, according to Mr. Hill, on August 13, 1980, the Seventh Judicial District Court, Oklahoma County, ordered his 1965 conviction expunged.  Compl. ¶ III D, and IV.  R. Vol. 1 at 17-18.  Apparently, however, the conviction remained on the State records.  <u>Id.</u> at IV, R. Vol. 1 at 18.

As relevant here, in 1975, Mr. Hill was convicted of armed robbery. In 1985, he was convicted of robbery with a dangerous weapon. And, in 1988, while in prison on the 1985 robbery, he pled no contest to the charge of assault and battery with a dangerous weapon, relating to an attack on a corrections employee with metal handcuffs. All of these were state offenses.

In 2004, Mr. Hill was found guilty by a jury of the federal offenses of being a felon in possession of a firearm, and making a false statement in writing during the attempted acquisition of a firearm. Due to the three convictions outlined above, the court sentenced Mr. Hill to 212 months in prison under the armed career criminal provisions of the advisory sentencing guidelines. United States Sentencing Commission, Guidelines Manual (2004), §4B1.4(b)(3)(B). He took an unsuccessful direct appeal from that conviction and sentence, followed by an unsuccessful motion under 28 U.S.C. § 2255. See, respectively, United States v. Hill, 200 Fed. Appx. 783 (10th Cir. 2006); United States v. Hill (Docket No. 10-5012, filed Aug. 4, 2010).

Mr. Hill filed the instant action on November 2, 2009, claiming, as indicated above, that he is entitled to damages for alleged violations of his Eighth and Fourteenth Amendment rights while he was in prison from 1965-1971, and for false imprisonment during the same period. He also claims he is entitled to damages stemming from the fact that his 1964 conviction for armed robbery continues to show in the state records. "[B]ecause it is still on petitioner's state

-3-

records, [he alleges] each time the State of Oklahoma, or United States, file an information or obtain an indictment against petitioner the infant conviction lead the indictment as an adult conviction and is use as a motive for the arrest, high bonds if he is given one, enhance punishment, to impeach his testimony and credibility for the pass 38 years, . . . ." Compl. § 4, R. Vol. 1 at 8 (grammar and spelling in the original). Finally, Mr. Hill seeks an injunction to force the Oklahoma State authorities to expunge the 1965 conviction from his records.

## DISCUSSION

The district court dismissed Mr. Hill's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted. R. Vol.1 at 45-47. We review de novo the district court's decision to dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.

Id. (internal quotations omitted). The same standard of review is applied for dismissals under § 1915(e)(2)(B)(ii) as is applied for dismissals under Fed. R. Civ. P. 12(b)(6). Kay, 500 F.3d at 1217-18. In light of the Supreme Court's

decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), this standard requires that we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." <u>Kay</u>, 500 F.3d at 1218 (quotation omitted).

Mr. Hill's attempt to obtain damages from Oklahoma State officials and corrections employees forty-four years after such claims began to accrue is time-barred on the face of the complaint (filed November 2, 2009). The Oklahoma statute of limitations applying to § 1983 actions is two years. 12 Okla. Stat. § 95; <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1522 (10th Cir. 1988). Mr. Hill does not challenge the fact that Oklahoma's two-year statute of limitations applies. Instead, he argues various theories of tolling, but relies principally on one: "[M]y main reason was fear for my life!!" R. Vol. 1 at 40. "I was to[o] afraid of the state of Oklahoma prison guards and wardens to file a complaint." Appellant's Opening Br. at 2. Such a reason, especially on this forty-four-year record, does not remotely satisfy the few grounds for tolling recognized by Oklahoma. <u>See</u> <u>Alexander v. Oklahoma</u>, 382 F.3d 1206, 1217 (10th Cir. 2004). And, his other attempts to explain why tolling should apply are equally unavailing, including his reliance on <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). That case prohibits § 1983 suits which may impugn a conviction unless and until such conviction is overturned or "expunged by executive order, declared invalid by a state tribunal authorized to do so, or called into question by a federal court's issuance of a writ

of habeas corpus." Id. at 486-87. First, Heck is not applicable to actions for damages relating to alleged prison conditions, including physical abuse, since success in such claims relates to the incidents themselves. Second, as to the claim for false imprisonment from 1965 to 1971, no conceivable construction of Heck would save this suit from being time-barred.

Mr. Hill further asserts that his 1965 conviction was wrongfully used to enhance his state convictions and his current federal conviction, and to disadvantage him apparently since 1965. First, nothing saves that claim from the two-year time bar. Second, Mr. Hill cannot use a § 1983 suit to collaterally attack final state convictions. And, third, the current federal conviction and sentence has not only been affirmed on direct appeal and withstood a § 2255 challenge, the armed career criminal determination was made without regard to the 1965 conviction. As the district court explained, Mr. Hill's request for an injunction against state officials, however denominated, needs to be pursued in state forums. Finally, as the district court also explained, the state officials are shielded from damages by Eleventh Amendment immunity.

**CONCLUSION**

For the reasons stated above, and for substantially the reasons stated by the Magistrate Judge in her Report and Recommendation, and in the district court's opinion, the judgment of the district court is AFFIRMED.[1]

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[1]The district court granted Mr. Hill leave to proceed *in forma pauperis*. He is reminded that he is required to continue paying the entire filing fee in installments.