FILED
United States Court of Appeals
Tenth Circuit

June 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 13-5152 |
| | (D.Ct. No. 4:13-CR-00105-JED-1) |
| LETHAN CRAIG BIAS, | (N.D. Okla.) |
| Defendant - Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Appellant Lethan Craig Bias pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court sentenced him to the statutory minimum mandatory sentence of 180 months imprisonment and five years supervised release under the Armed Career Criminal Act, pursuant to 18 U.S.C. § 924(e).  While Mr. Bias appeals his sentence, his attorney has filed an *Anders* brief and a motion to withdraw as counsel.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.

## I.  Factual and Procedural Background

On or about May 1, 2013, Mr. Bias illegally possessed two pistols after having previously been convicted three times for felony burglary, including burglary of a habitation in Texas, residential burglary in Arkansas, and kidnaping and burglary in Oklahoma.  Both in his plea agreement and at the plea hearing, Mr. Bias admitted he possessed the firearms afer having been convicted for the three felony burglaries listed in the indictment, including "burglary of [a] habitation" in Texas, "residential burglary" in Arkansas, and second-degree burglary in Oklahoma.  During the plea colloquy, the district court questioned and confirmed Mr. Bias made his plea voluntarily and knowingly and understood the constitutional rights he was waiving as well as the nature of the charge against him and the possible penalties.  These penalties included application of the Armed Career Criminal Act in conjunction with 18 U.S.C. § 924(e), under which, the district court explained, he faced a substantially-enhanced, mandatory sentence of fifteen years in prison for his three prior burglary convictions should

they qualify as violent crimes. In addition, both parties discussed the application of the fifteen-year mandatory minimum sentence under the Act, and in so doing, Mr. Bias's counsel asked that it not be applied because Mr. Bias was only seventeen, or a juvenile, when he committed the Texas burglary. In pleading guilty to the firearms charge, Mr. Bias and his counsel indicated their intent to challenge the underlying facts of his burglary convictions as violent crimes for the purpose of their application to his sentence.

Prior to sentencing, Mr. Bias filed a letter with the court, again claiming he committed nonviolent crimes, relaying his version of the facts for each incident, and pointing out he was only seventeen when he committed the first burglary twenty-four years earlier. His counsel also filed a sentencing memorandum, objecting to the Armed Career Criminal Act enhancement recommended in the presentence report, referring to Mr. Bias's insistence he did not commit or plead guilty to crimes of violence and the possibility that at least one of the burglary statutes might be too broadly-worded to use for enhancing Mr. Bias's sentence. The probation officer responded in an addendum to the presentence report, noting two of the statutes clearly identified the crimes as burglaries of habitations and acknowledging that while the Oklahoma burglary statute was divisible, documentation could be used to clarify which part of the statute applied, including the charging document against Mr. Bias which showed he was convicted of "breaking and entering into a house ... with intent ... to steal."

At the sentencing hearing, Mr. Bias's counsel confirmed Mr. Bias was not contesting the calculation of his sentence and acknowledged the district court could not look at the underlying facts of the conviction, as contained in Mr. Bias's letter, but could only rely on documentation supporting the burglaries to determine if they were violent crimes should the burglary statutes be overly broad and divisible. After carefully reviewing and expressly addressing each of the three burglary convictions, including the statutes on which Mr. Bias was convicted and the underlying documentation, if applicable, the district court determined each met the requisite definition of burglary of a habitation to constitute a violent crime for the purpose of sentencing Mr. Bias under the Act. Accordingly, it sentenced him to the statutory minimum sentence of 180 months in prison, followed by five years supervised release.

## II. Discussion

After Mr. Bias filed a notice of appeal, his appellate counsel filed an *Anders* motion and appeal brief, explaining a review of the record revealed no nonfrivolous issues to appeal in this case and moving for an order permitting his withdrawal as counsel. *See Anders*, 386 U.S. at 744. In support, his counsel notes the district court complied with the Rule 11 requirements during the plea hearing and Mr. Bias voluntarily entered a plea of guilty and was aware of the penalties against him, including a sentence based on the statutory mandatory minimum of fifteen years under the Armed Career Criminal Act. With respect to

-4-

the Act's enhancement, he points out Mr. Bias admitted being convicted of the three prior burglaries and they qualify as "violent crimes," either as charged and/or from the underlying documentation, pursuant to the district court's application of the categorical, or modified categorical, approach. In support, he points out Mr. Bias: 1) pled guilty in Texas to burglary of a building under Texas Penal Code Annotated § 30.02(a)(3); 2) pled guilty in Arkansas under Arkansas Code Annotated § 5-39-201, where either divisible subsection qualifies as burglary of a habitation; and 3) pled *nolo contendere* in Oklahoma to burglary under 21 Oklahoma Statutes Annotated § 1435, which has a divisible definition, but a charging document shows Mr. Bias committed a crime of violence "by breaking and entering into a house ... in which property of value was contained, by door, with intent to commit to steal multiple items." As a result, counsel acknowledges all three burglaries of a habitation qualify as predicate violent felonies under the Act, and therefore, the district court correctly sentenced Mr. Bias to the 180-month statutory minimum.[1] He also submits neither Mr. Bias's

---

[1] Section 924(e)(1) states that when a person violates § 922(g) for being a felon in possession of a firearm and has three previous convictions for a violent felony committed on different occasions, that person shall be imprisoned for not less than fifteen years. *See* 18 U.S.C. § 924(e)(1). It further defines a "violent felony" as including a "burglary." *See* 18 U.S.C. § 924(e)(2)(B)(ii). Under Guidelines § 2L1.2, application note 1, a "crime of violence" is defined to include federal, state, or local "burglary of a dwelling," *see* U.S.S.G. § 2L1.2, cmt. n.1(B)(iii), and we define "dwelling" as including "any enclosed space used or intended for use as a human habitation." *United States v. Rivera-Oros*, 590 F.3d 1123, 1132 (10th Cir. 2009) (internal quotation marks omitted). The Guidelines

(continued...)

age at the time of his Texas conviction nor the age of that conviction are relevant given the Act expressly includes an act of juvenile delinquency involving a violent felony[2] and places no time limit on the application of a qualifying predicate conviction, as explained in *United States v. Lujan*, 9 F.3d 890, 893 (10th Cir. 1993) (relying on U.S.S.G. § 4B1.4(a) and cmt. n.1). As a result, counsel contends no nonfrivolous issues exist for an appeal.

Pursuant to *Anders,* this court gave Mr. Bias an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. Mr. Bias filed a response, again explaining he was only seventeen when he committed the Texas burglary and offering his version of the underlying facts of his burglary convictions. The government filed a notice of its intent not to file an answer brief in this appeal.

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. Without reiteration here, we agree with Mr. Bias's counsel's well-articulated analysis of the record and applicable law, and his conclusion no issues of merit exist warranting an appeal. As to Mr. Bias's *pro se* arguments, his counsel competently and correctly explained why his age and

---

[1](...continued)
and other sources of common law generally recognize burglary of a dwelling as a "crime of violence" due to the increased possibility of the burglar confronting the resident, resulting in substantial risk of force being used and causing an increased risk of physical and psychological injury. *Id.* at 1130-31.

[2] Specifically, a "violent felon" includes a person who committed "an act of juvenile delinquency involving a violent felony." *See* 18 U.S.C. § 924(e)(2)(C).

the age of his Texas conviction do not affect the application of the Armed Career Criminal Act to his sentence. As to his version of the underlying facts of his prior burglary convictions, neither our nor the district court's review may involve "a subjective inquiry into the facts of the case." *See United States v. Charles*, 576 F.3d 1060, 1067 (10th Cir. 2009). Instead, we are limited to examining only the statutes, and if any one of them is divisible, only then may we apply the categorical or modified categorical approach. *See Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2292-93 (2013). We then proceed to examine the underlying documents such as the charging papers, jury instructions, formal rulings of law, and findings of fact, or the facts as presented in a written plea agreement or findings of fact adopted by the defendant in entering a plea. *See Shepard v. United States*, 544 U.S. 13, 20 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990). Here, the district court correctly declined to consider Mr. Bias's version of the underlying facts of his burglary conviction and, where appropriate, relied on either the language of the charging statute itself or the underlying documentation. Our review establishes nothing in those statutes or underlying documentation, where applied, which supports Mr. Bias's appeal. Instead, all three burglaries were of a habitation and qualify as crimes of violence for the purpose of applying the Armed Career Criminal Act. Thus, our review establishes no nonfrivolous basis for challenging the conviction or sentence imposed.

## III. Conclusion

For these reasons, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge